UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY A. VALADEZ,

    Plaintiff,

    v.

JOHN E. POTTER,

    Defendant.

Case No. C06-0329RSL

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #11) filed by defendant John E. Potter, Postmaster General of the United States Postal Service. Plaintiff worked as a probationary status employee of the Postal Service from April 2002 until her termination on June 22, 2002. Plaintiff alleges that she was discriminated against on the basis of her disability, which she alleges is a breathing impairment, in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Plaintiff alleges that she was told to continue working when she was ill, she was not provided with a reasonable accommodation, and she was discharged. She also argues that she was retaliated against for filing a prior complaint.

For the reasons set forth below, the Court grants defendant's motion.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

## II. DISCUSSION

**A.  Background Facts.**

Plaintiff was hired by the Postal Service in 1996 as a mail carrier for the Marysville, Washington Post Office. In 1998, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming that she was subjected to a hostile work environment. Valadez Dep. at pp. 5-6. She resigned in 2000. In January 2002, she entered into a settlement agreement with the Postal Service and was reinstated. She resumed working as a mail carrier around April 20, 2002 in the Everett, Washington Post Office. As a reinstated employee, she was required to undergo a 90-day probationary period.

On May 25, 2002,[1] plaintiff informed her supervisor Jeff Welsh that she needed to go home because she was sick. Welsh told her that he was understaffed and "needed her to do as best she could and [he] would send help if he could." Declaration of Marion Mittet, (Dkt. #12) ("Mittet Decl."), Ex. H at p. 5. Plaintiff never returned to work. Instead, over the next few weeks, she provided the agency with five notes from health care providers. The first note, dated May 25, 2002, indicated that Valadez had bronchitis and could return to work on May 29. A second note dated May 28 stated "off work x 1 week" and indicated plaintiff could return to work on June 3. A May 31 note stated that plaintiff had "a severe asthma exacerbation" and would be re-evaluated on June 3. The June 3 note indicated that she had been hospitalized for an asthma exacerbation and would return to work on June 17. The last note, dated June 17, stated that she had an asthma exacerbation and would be evaluated on June 24, 2002. Id., Exs. K, Q. During her deposition, plaintiff alleged that her disability was hypersensitivity

---

[1] Valadez's declaration states that she ceased working on April 25, 2002, but all of the other documents in the record note that the date was May 25, 2002. The exact date does not change the outcome of this motion.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

1 pneumonitis,[2] although the diagnosis has not been confirmed. Valadez Dep. at p. 15.

Plaintiff was discharged on June 22, 2002. The decision to terminate her employment was made by her immediate supervisors: Todd Merriman, Jeff Welsh, and Singh Somal. Welsh Dep. at p. 97. They made the decision based on her unsatisfactory attendance, unsatisfactory personal conduct, including yelling at her supervisors on two occasions, and "unsatisfactory work relations," which related to safety. Mittet Decl., Exs. E, I. As for her attendance, plaintiff was discharged because, as the end of her 90-day probationary period approached, she had not worked a sufficient number of days for the Postal Service to effectively evaluate her work. Merriman Dep. at pp. 123-24 ("We don't want to have an employee with us for a career, a 30-year career, that we never had a chance to evaluate, and the amount of time that we had to evaluate Ms. Valadez was limited to, I believe, 13 days, and those 13 days weren't very good"); Welsh Dep. at p. 77.

Plaintiff filed a complaint with the EEOC challenging her termination. The EEOC investigated plaintiff's complaint, conducted a hearing, and issued findings of fact and conclusions of law.[3] Mittet Decl., Ex. P. The EEOC found that plaintiff was not "disabled" for purposes of the statute, she was not entitled to an accommodation, and the Postal Service had a legitimate, non-discriminatory reason for her discharge. It also found that the Postal Service did not retaliate against plaintiff for her prior EEO activity. Those findings were affirmed after Valadez appealed. Id., Ex. Q. Plaintiff filed her complaint with this Court in March 2006.

**B.      Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most

---

[2] According to plaintiff, hypersensitivity pneumonitis is "something in your environment is making you ill similar to an internal allergic reaction." Valadez Dep. at p. 17.

[3] Plaintiff has not contested the admissibility of the EEOC's findings. Although the Court has considered the findings, it would have reached the same conclusion even if it had not considered the EEOC's findings and other documents.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

1 favorable to the nonmoving party and determine whether there are any genuine issues of material
2 fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences
3 supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v.
4 Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might
5 resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W.
6 Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.     Analysis.**

The Rehabilitation Act prohibits discrimination in federal employment and requires agencies to make reasonable accommodation for the known limitations of qualified individuals with disabilities.  29 U.S.C. § 791 *et seq.*  The EEOC's regulations prohibit retaliation against an individual who has participated in the employment discrimination process under the Rehabilitation Act.  29 C.F.R. § 1614.101(b).

Defendant alleges that plaintiff's claim for disability discrimination must be dismissed because she has failed to exhaust her administrative remedies.  Federal employees must exhaust their administrative remedies prior to filing suit in federal court.  See, e.g., Leorna v. U. S. Dep't. of State, 105 F.3d 548, 550 (9th Cir. 1997); Boyd v. U.S. Postal Serv., 752 F.2d 410, 415 (9th Cir. 1985).  Specifically, a federal employee must (1) initiate contact with an EEO counselor within forty-five days of the allegedly discriminatory conduct, and (2) file a formal complaint within fifteen days of being advised that informal counseling has ended.  29 C.F.R. §§ 1614.105(a)(1), 1614.105(d); 1614.106(b).  The time period for filing a complaint "beings to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights."  Boyd, 752 F.2d at 414.  In this case, Valadez had notice of the facts giving rise to her disability discrimination claim, whether characterized as disparate treatment or a failure to accommodate, no later than the date of her termination.  Even though she was represented by counsel when she filed her EEOC complaint, she did not complain of disability discrimination.  In fact, she did not raise an

allegation of disability discrimination until over five months later.

Plaintiff concedes that her claim of disability discrimination was late. Nevertheless, she argues that it should not be dismissed because the agency accepted her complaint of disability discrimination for investigation, and the regulation provides:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.[4]

29 C.F.R. § 1614.105(a)(2). However, in a factually similar case, the Ninth Circuit held that "[t]he mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination." Boyd, 752 F.2d at 414 (internal citations omitted). In this case, the agency did not make a finding of discrimination. It did not make a finding that the filing was timely or extend the deadline. Plaintiff does not argue that the time limit should be extended based on waiver, estoppel, or equitable tolling. Nor are there facts which would support applying any of those doctrines. Accordingly, plaintiff's claim of disability discrimination must be dismissed for failure to exhaust her administrative remedies.

Even if plaintiff's disability discrimination claim had been timely, it would be dismissed because plaintiff has failed to show that she is disabled. Plaintiff apparently believes that the agency could not discharge her because she was ill. However, being ill does not equate to having a disability. To state a claim under either the ADA or the Rehabilitation Act, plaintiff must show that she has an impairment that substantially limits one or more major life activities. See, e.g., Coons v. Sec'y of U.S. Dep't of Treasury, 383 F.3d 879, 885 (9th Cir. 2004). Plaintiff argues that she is substantially limited in her ability to breathe. Breathing is a major

---

[4] Plaintiff has not shown the existence of any of the factors listed in the regulation that would justify an extension of the deadline.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5

life activity.[5] 29 C.F.R. § 1630.2(I). The term substantially limited means:

> (I) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j). In determining whether an individual is substantially limited, courts should consider: "(I) The nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact of or resulting from the impairment." Id.

In this case, plaintiff has not explained how her impairment substantially limits her ability to breathe. Nor is there is no medical evidence that plaintiff is so limited. None of the doctors' notes that plaintiff submitted to the Postal Service or to this Court indicate that she has a disability, a severe impairment, or significant limitations. Although Ms. Valadez was hospitalized briefly around the time of her discharge, that fact shows that her condition was serious for at most a few weeks. In addition, the notes from her physicians all indicated that she would be able to resume work shortly. Valadez Dep. at pp. 38, 42; Mittet Decl., Ex. K. According to the EEOC's findings, "At the time of management's decision to terminate Ms. Valadez, the medical documentation did not indicate that Complainant's absence was due to a disability, rather than to a short-term, albeit serious, health condition." Mittet Decl., Ex. P. In fact, after she left the Postal Service, plaintiff's condition "continues to improve" and has not precluded her from working full time. Declaration of Kelly Valadez, (Dkt. #17) ("Valadez

---

[5] Plaintiff cites two cases in which individuals with asthma filed disability discrimination claims. Carter v. Tisch, 822 F.2d 465 (4th Cir. 1987) (granting defendant's motion for summary judgment on other grounds); Albert v. Smith's Food & Drug Centers, Inc., 356 F.3d 1242, 1245 (10th Cir. 2004) (explaining that plaintiff's asthma "limited her activities" and an episode "renders her completely unable to function"). Those cases do not stand for the proposition that asthma is *per se* disabling. Rather, the inquiry is made on an individual basis. Albert, 356 F.3d at 1250 (stating that "we must examine the extent of the limitation caused by her impairment in terms of her own experience").

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 6

Decl."), Ex. B; Valadez Dep. at p. 18. She has never had another episode of her condition as severe as the one she experienced in May/June 2002. Valadez Dep. at p. 20. Because plaintiff was not disabled, she was not entitled to any accommodation, and she cannot state a claim for disparate treatment.

In addition, even if plaintiff were disabled, defendant has offered legitimate, non-discriminatory reasons for her discharge. Plaintiff has offered no evidence of pretext.[6] Nor has she shown that other employees who engaged in similar conduct were treated differently.

Plaintiff also alleges that she was discharged in retaliation for filing her 1998 EEO complaint. Defendant concedes that plaintiff has exhausted her administrative remedies as to that claim. However, in response to defendant's motion, plaintiff did not offer any arguments or facts to support the claim. In addition, plaintiff has failed to show any evidence of a casual connection between her prior complaint and her discharge. No inference of retaliation arises based on the nearly four-year gap between plaintiff's first EEO complaint and her discharge. See, e.g., Manatt v. Bank of Am., 339 F.3d 792, 802 (9th Cir. 2003) (declining to infer causation based on a nine-month gap between the protected activity and the adverse action). Moreover, in 2002, plaintiff returned to work at a different facility, with different supervisors. Plaintiff had never worked with her new supervisors before her reinstatement, she never told them about the complaint, and she has no knowledge that they were aware of the complaint. Valadez Dep. at pp. 30-31. In fact, the supervisors who made the decision to terminate her employment deny that it was based on any protected characteristic or on her prior EEO activity.[7] Mittet Decl., Ex. E, Ex. J at p. 8, Ex. P at p. 14. During plaintiff's deposition, when asked why she was

---

[6] These facts also defeat plaintiff's retaliation claim.

[7] Plaintiff alleges that knowledge of her prior complaint should be imputed to her supervisors because they reported to Kathy Newman, who reported to Pat Ogle, and Mr. Ogle had knowledge of her prior complaint. There is no evidence that Mr. Ogle informed Ms. Newman or plaintiff's supervisors of the prior complaint, and no evidence that he was involved in any way in the decision to discharge plaintiff.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 7

discharged, she gave multiple reasons: "I think it was more of a combination of being female, over 40, and prior EEO was my thought."[8] Valadez Dep. at p. 27. In sum, plaintiff has offered nothing more than her own assumption of retaliation to support her claim. Such unsupported speculation, however, is insufficient to defeat a motion for summary judgment. See, e.g., Steckl v. Motorola, 703 F.2d 392, 393 (9th Cir. 1983) (explaining that the plaintiff's "mere assertions that [his employer] had discriminatory motivation and intent in failing to promote him were inadequate, without substantial factual evidence, to raise an issue precluding summary judgment").

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion for summary judgment (Dkt. #11). The Clerk of the Court shall enter judgment in favor of defendant and against plaintiff.

DATED this 13th day of February, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[8] Plaintiff has not filed claims for discrimination based on her age or sex before this Court.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 8